State, *ex rel.*, v. Peabody Petroleum Co.

No. 27,747.

THE STATE OF KANSAS, ex rel. CHARLES B. GRIFFITH, Attorney-general, *Appellee*, v. THE PEABODY PETROLEUM COMPANY, *Defendant*, CHARLES KING and EDGAR FORRESTER, *Appellants*.

(262 Pac. 1027.)

SYLLABUS BY THE COURT.

CORPORATION—*Dissolution by Forfeiture of Charter—Limitation of Action by State for Appointment of Receiver.* An interpretation is placed on R. S. 17-808, and it is held that the failure of the state to intervene and bring an action immediately after a corporation is dissolved and for a considerable time thereafter, and after the property and assets of the defunct corporation had passed into the hands of the directors of the corporation, as trustees, does not prelude the bringing of an action in the name of the state to adjudge a formal dissolution of the corporation and to enforce a faithful settlement of the affairs of the corporation by the trustees, and a proper application of the moneys derived from the property of the corporation among its creditors and stockholders where it is alleged that the trustees are violating their trust and are wasting and dissipating the property and assets of the corporation, and the court, with a view of conserving the remainder of the estate, may appoint a receiver to take charge of the estate, requiring an accounting by the trustees and their agents, and by a receiver proceed with the settlement of the affairs of the defunct corporation.

Appeal from Butler district court; GEORGE J. BENSON, judge. Opinion filed January 7, 1928. Affirmed.

·  *A. E. Crane, B. F. Messick* and *A. H. Crane*, all of Topeka, for the appellants.

*William A. Smith*, attorney-general, *Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin, Sidney L. Foulston* and *Lester L. Morris*, all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This case was disposed of upon a demurrer to plaintiff's petition which the court overruled. The action was brought by the state on the relation of the attorney-general in behalf of the state and of all the creditors and stockholders of the Peabody Petroleum Company, a defunct corporation. The following is a summary of the allegations of the petition. The Peabody Petroleum Company, prior to the forfeiture of its charter, was a Kansas corporation which was the owner of an oil lease in Marion county, on

Corporations, 14a C. J. pp. 1134 n. 82 new, 1175 n. 63.

which there were several producing wells. On November 19, 1921, a controversy arose between the company and some of its directors and an action was brought in the United States district court in which that court appointed Dan F. Callahan as a receiver of the company. He qualified and took possession of the lease and all of the property of the company and proceeded with the management and conduct of the business and carried it on until May 24, 1925, when the receiver Callahan was discharged, and an order made directing the turning over of the property to the corporation or its trustees. In April, 1922, the charter board of the state of Kansas forfeited and canceled the charter of the company for failure to make the reports prescribed by law and to pay the fees required, and the board of directors became by operation of law trustees for the creditors and stockholders of the company. It is alleged that Callahan as receiver had executed a bond conditioned for the faithful administration of the assets of the corporation and that the report made by him at the time of his discharge was incorrect and untrue; that a large part of the property was not accounted for or delivered to the corporation or its trustees; that much of it had been removed from the lease, sold or otherwise disposed of by that receiver and was not returned to the corporation, or its trustees; that property purported to have been inventoried and turned over has since been sold by the trustees without accounting therefor to the creditors and stockholders; that the trustees, contrary to and in violation of their duties, designated the defendant Edgar Forrester as agent or manager of the property and permitted him to sell and dispose of parts of the property and assets, and that no account thereof has been made or rendered to the stockholders or to its creditors. That he has permitted the property to stand and remain uncared for with the result that a large part thereof will be dissipated without benefit to said stockholders unless the remnants of the property be conserved and administered for their benefit, that it is necessary in order that the property be conserved and disposed of for the benefit of stockholders and creditors that a receiver be appointed by this court who may take possession and control of what is left and administer the same under the orders of the court for the benefit of creditors and stockholders, and that the receiver to be appointed proceed by suit or otherwise to collect the property and assets of the corporation and institute such actions as may be necessary to re-

State, *ex rel.*, v. Peabody Petroleum Co.

cover property and assets against Callahan, the discharged receiver, to recover for property and assets not accounted for, and to take all steps and proceedings necessary for the winding up of the corporation and the proper distribution of its property. There is an allegation that the board of trustees of the corporation has failed and neglected to proceed against Callahan for the return of the property not accounted for or for a faithful accounting of moneys and properties coming into his hands, and that it is necessary that a receiver to be appointed be given power and authority to institute and prosecute actions to recover from the trustees on account of the breach of their duties. There is an allegation, too, that there is due to the state of Kansas corporate and other taxes upon the property and franchise of the corporation, which have not been paid and which will be lost to the state unless the property, assets and rights of the corporation are administered according to law; finally, that an order of dissolution of the corporation be made by a court of competent jurisdiction and accompanied with an order appointing a receiver to administer and wind up the affairs of the corporation.

At the time the petition was filed the court upon application of plaintiff appointed a receiver of the property and assets of the defunct corporation who gave the required bond and has ever since been acting as receiver. The defendant, King, filed a demurrer to the petition, which the court at a hearing overruled. The plaintiff subsequently dismissed the action as to the defendant, Forrester. Later the receiver presented an application that Forrester, acting as the agent of the trustees, be required to appear before the court on a day fixed and show cause why he should not be declared in contempt of court for failing to turn over to the receiver property and assets sold and disposed of by him not accounted for and believed to be of the value of about $10,000. That Forrester had in his hands a small amount of money of the funds of the corporation, but he objected, contending that the court was without jurisdiction to make such an order and also that the plaintiff had no capacity to bring the action. The court granted the order and required Forrester to account to the court for all moneys and property in his hands belonging to the Peabody Petroleum Company within ten days from that date. King and Forrester both appeal from these rulings. It is contended that the charter of the corporation having been forfeited about four years before the action was brought and after the property and assets had been taken over by the directors

as trustees, the attorney-general was without authority to bring the action.

It is insisted that unless a receiver is appointed at the time of the forfeiture of the charter, the assets of the corporation at once pass into the hands of the trustees and thereafter there is no authority in the state to bring an action requiring an accounting and to have a receiver appointed. For this contention defendants rely on the statute which provides that:

"Upon the dissolution of any corporation already created by or under the laws of this state, unless a receiver is appointed by some court of competent authority, the president and directors, or managers of the affairs of the corporation, at the time of the dissolution, by whatever name they may be known in law, shall be trustees of the creditors and stockholders of such corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them; and for this purpose they may maintain or defend any judicial proceeding." (R. S. 17-808.)

It is argued that the word "upon" as used in the statute carries the inference that action must be taken when the dissolution occurs by reason of a forfeiture of the charter unless a receiver is appointed, and if this is not done at the time of the forfeiture neither the state nor the stockholders and creditors of the corporation may take any action to compel the proper administration of the trust and to wind up the affairs of the company.

We think this was not the legislative purpose in the enactment of the statute. The right to take action for the appointment of a receiver accrues when a corporation is dissolved, but it is not lost by the failure of the attorney-general to act immediately upon a declaration of forfeiture or a dissolution. The single word "upon" cannot be interpreted as a limitation upon the bringing of an action but simply means that after dissolution the trustees of the corporation shall, if a receiver is not appointed, proceed to take charge of the property and assets of the corporation and administer them for the benefit of creditors and stockholders. It did not mean that if prompt action was not taken, the ordinary remedies of the law for the protection of creditors and stockholders were forever lost. The trustees are required to settle the affairs of the corporation, and after paying the debts to turn over to stockholders the moneys derived from the property and assets of the corporation so far as they will go. It cannot be the theory of the law that if trustees violate their

trust and fail to properly wind up the affairs of the corporation and are wasting and dissipating the property and assets of the corporation that they are immune from judicial process, and that creditors and stockholders cannot apply to the courts to compel an accounting by the trustees and a faithful administration of the trust.   The allegations of the petition, which must be taken as true, show waste and dissipation of the property and unfaithful administration.   It was competent, we think, for the state to interpose for its own protection as well as in behalf of the creditors and stockholders of the defunct corporation.   The delay in bringing the action did not exempt the trustees from judicial action as against a violation of the trust and as looking towards the proper settlement of the affairs of the corporation, including the bringing of necessary actions and the proper distribution of the moneys derived from the trust.   It is said that there was a receiver in charge when the forfeiture was declared by the charter board, but he was appointed for another purpose by the federal court before the forfeiture occurred, and besides it is alleged that the case in which that receiver was appointed had been finally determined and that that court is no longer exercising jurisdiction or control over the trust.   Under the averments of the petition we think the state had the right to bring the action that was brought to obtain a decree formally dissolving the corporation and providing for the proper settlement of the affairs of the corporation. The court had the jurisdiction and power to require an accounting by the trustees and their agent, Forrester, and to take all necessary steps towards the conservation of what was left of the property and assets of the corporation, and to that end could appoint a receiver. It cannot be held that error was committed in overruling the demurrer to plaintiff's petition or in the appointment of a receiver or in requiring an accounting of the trust property.

The judgment is affirmed.